UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61041-CIV-COHN/SELTZER

SONIA GONZALEZ, TOMAS
VENTURA, ALFONZO MENDOZA,
and all persons similarly situated,

    Plaintiffs,

vs.

RFJD HOLDING CO., INC. d/b/a
EMMACULATE REFLECTIONS,
GERALD DONATH, and ROBERT FIESTAL,

    Defendants.
_____/

ORDER

THIS CAUSE is before the Court on the Motion to Compel (DE 25) and the Motion to Compel Better Interrogatory Responses (DE 26) filed by Plaintiffs Thomas Ventura and Alfonzo Mendoza and were referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 6).[1]

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., Plaintiffs Sonia Gonzalez, Tomas Ventura, and Alfonzo Mendoza bring this action against Defendants – RFJD Holding Company, Inc., d/b/a Emmaculate Reflections, and its officers Gerald Donath and Robert Fiestal – alleging claims for unpaid minimum wages and unpaid overtime compensation. See Complaint (DE 1). More specifically, Defendants provide commercial cleaning services to restaurants and other businesses throughout Florida and

---

[1] Motions to compel discovery are committed to the sound discretion of the court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

other states. See id. at ¶¶ 4 and 12. Plaintiffs allege that Defendants classified Plaintiffs "as independent contractors" when they "were in fact employees of Defendants under the FLSA." Id. at ¶20; see also id. at ¶¶ 15 and 16 (alleging that Plaintiffs Sonia Gonzalez and Alfonso Mendoza "cleaned for Defendants' commercial cleaning business for approximately one year during 2013 and 2014" and that Plaintiff Thomas Ventura "cleaned for Defendants' commercial cleaning business for approximately six moths during 2013 and 2014"). For the wrongs alleged, Plaintiffs seek, inter alia, compensatory damages, liquidated damages, and attorney's fees and costs. See id. at ¶¶ 2, 49, and 50.

While engaging in discovery, Plaintiffs Mendoza and Ventura ("Plaintiffs") served Defendants with Interrogatory and Production Requests, to which Defendants responded. On July 10, 2014, Plaintiffs filed the instant Motions (DE 25 and 26), challenging Defendants' responses to their discovery requests and seeking the previously requested information.[2] The Court having considered the briefed Motions (DE 25, DE 26, DE 29, DE 33, DE 34, DE 47, and DE 51) and being otherwise fully advised, it is hereby ORDERED that the Motion to Compel (DE 25) is DENIED in Part and DENIED as MOOT in Part and that the Motion to Compel Better Interrogatory Responses (DE 26) is GRANTED in Part and DENIED in Part as follows:

1. To the extent that Plaintiffs move the Court to compel Defendants to produce information responsive to Interrogatory Request Nos. 11, 12, and 13 by a date certain, it is GRANTED. The parties' Joint Status Report (DE 29) and Defendants' Surreply (DE 51) reflect that the parties have resolved their differences as to these interrogatories. Plaintiffs,

---

[2] On July 14, 2014, counsel for the parties met in person and resolved a number of issues originally raised in the instant motion. See Joint Status Report (DE 29).

however, have not yet received the certain information that Defendants agreed to provide. See Reply at 1-2 (DE 47). Accordingly, on or before August 29, 2014, Defendants shall produce all non-privileged information in their possession, custody and control that is responsive to Interrogatory Request No. 11, 12, and 13 (consistent with the parties' resolution of these matters).

2. To the extent that Plaintiffs move the Court to compel Defendants to produce information responsive to Interrogatory Request No. 10 and to produce documents responsive to Request for Production Nos. 11, 49, 46, 52, and 64, it is DENIED. In these requests, Plaintiffs seek to compel Defendants to produce a plethora of documents and information, including: the identity, telephone number, addresses, and emails of all other subcontractors that provided cleaning services both before and after Plaintiffs provided their cleaning services; "all written agreements in effect for any part of the previous 5 years, between Defendant and any person, where Defendant contracted to provide cleaning services of any kind at any of the locations Defendant has knowledge any of Plaintiffs ever cleaned for Defendants' restaurant cleaning business"; all corporate income or business tax returns for 2011 through 2014;[3] "documents listing all subcontractors providing [Defendants] cleaning services . . . in Broward County" for 2013 and 2014; "[c]opies of any contract entered into by [Defendants] and any subcontractors to provide cleaning services to any of the restaurants you have knowledge any of the Plaintiffs cleaned for you during any part of 2011 to 2014, including those subcontractors that cleaned before and after any

---

[3] Defendants "have agreed that their gross income for the relevant years exceeded the $500,000 threshold." Response at 8 (DE 33); see also Surreply at 4 (DE 51).

of Plaintiffs"; and copies of Defendants' operation manual in effect for 2012.[4]

The Court, however, fails to see how Plaintiffs' far-reaching requests are relevant or reasonably calculated to lead to the discovery of admissible evidence as to Plaintiffs' limited FLSA claims. See Responses (DE 33 and DE 34) and Surreply (DE 51); e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (discussing that "discovery, like all matters of procedure has ultimate and necessary boundaries"); Washington v. Brown & Williamson Tobacco, 959 F.2d 1566, 1570 (11th Cir. 1992) (emphasizing that "[d]iscovery should be tailored to issues involved in the particular case"). And Plaintiffs have not persuaded the Court otherwise. See Suncast Techs., LLC v. Patrician Prods., Inc., No. 07-80414-CIV, 2008 WL 179648, at *5 (S. D. Fla. Jan.17, 2008); Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002) (emphasis in original) ("[W]hen relevancy is not apparent, the burden is on the party *seeking* discovery to show the relevancy of the discovery request."). The Court, therefore, declines to compel the requested discovery.

3. Plaintiffs' Motions to Compel (DE 25 and DE 26) are DENIED as MOOT in all other respects. See Joint Status Report (DE 29) and Surreply (DE 51) (outlining agreements reached by the parties, discovery production, and/or abandonment of requests

---

[4] Initially, Plaintiffs requested Defendants to produce "copies of your operations manual in effect for any part of 2012 to 2014." Motion at 16 (DE 25). Defendants have informed Plaintiffs, however, that they had no operations manual during the years (2013 and 2014) that Plaintiffs had a relationship with Defendants. See Response (DE 33) at 8-9; see also Surreply at 6-7 (DE 51).

4

previously at issue).

DONE AND ORDERED at Fort Lauderdale, Florida this 25th day of August 2014.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record