UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61041-CIV-COHN/SELTZER

SONIA GONZALEZ, TOMAS
VENTURA, ALFONZO MENDOZA,
and all persons similarly situated,

    Plaintiffs,

vs.

RFJD HOLDING CO., INC. d/b/a
EMMACULATE REFLECTIONS,
GERALD DONATH, and ROBERT FIESTAL,

    Defendants.
_____/

ORDER

THIS CAUSE is before the Court on Defendants' August 26, 2014 Motion to Quash Third Party Subpoena (DE 54) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 6).  The Court having considered the briefed Motion, the absence of an ordered Response,[1] and being otherwise fully advised, it is hereby ORDERED that the Motion is GRANTED in PART and DENIED in PART as set forth below.

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq., Plaintiffs Sonia Gonzalez, Tomas Ventura, and Alfonzo Mendoza bring this action against

---

[1] In light of the impending September 4, 2014 discovery completion date, the Court ordered Plaintiffs to serve and file their Response to Defendants' Motion (DE 54) on or before 3:00 p.m. on August 29, 2014. See Order (DE 55); see also July 8, 2014 Order (DE 24) (denying Plaintiffs' Unopposed Motion for Enlargement of Time to File any Necessary Motions to Compel Discovery and Motion to Enlarge the Discovery Period as "Plaintiffs have not shown good cause for the requested extensions"). CM/ECF shows that no such Response (or a Motion seeking an extension of time to file a response) has been timely filed.

Defendants – RFJD Holding Company, Inc., d/b/a Emmaculate Reflections, and its officers Gerald Donath and Robert Fiestal – alleging claims for unpaid minimum wages and unpaid overtime compensation. See Complaint (DE 1). More specifically, Defendants provide commercial cleaning services to restaurants and other businesses throughout Florida and other states. See id. at ¶¶ 4 and 12. Plaintiffs allege that Defendants classified Plaintiffs "as independent contractors" when they "were in fact employees of Defendants under the FLSA." Id. at ¶20; see also id. at ¶¶ 15 and 16 (alleging that Plaintiffs Sonia Gonzalez and Alfonso Mendoza "cleaned for Defendants' commercial cleaning business for approximately one year during 2013 and 2014" and that Plaintiff Thomas Ventura "cleaned for Defendants' commercial cleaning business for approximately six moths during 2013 and 2014"). For the wrongs alleged, Plaintiffs seek, inter alia, compensatory damages, liquidated damages, and attorney's fees and costs. See id. at ¶¶ 2, 49, and 50. The parties are engaged in discovery. See Scheduling Order (DE 6) (setting September 4, 2014 as deadline to complete all discovery); see also Order (DE 24) (denying Plaintiffs' motion to extend discovery deadline).

On July 10, 2014, Plaintiffs served non-party Cleantelligent, a vendor Defendants use to provide software and to assist in the collection of data, with a Subpoena to produce documents on or before August 6, 2014. See Motion (DE 54) (discussing that the vendor's software creates reports for "the quality control employees"); see also Subpoena (DE 54-1).[2] Cleantelligent responded to the Subpoena and provided Plaintiffs with, among other

---

[2] The Subpoena sought nine categories of documents, including "'[c]opies of all online e-mail notifications where you notified Emmaculate Reflections of you [sic] of certain activity on Emmaculate's user account during the previous six months to this request . . .'; copies of all e-mail notifications for Julia Gil (Defendants' quality control inspector); copies

2

items, several reports that Plaintiffs utilized as exhibits when they deposed Defendants' CEO, part-owner, and assorted employees on August 11-13, 2014. See Motion at 2, 4 and 6 (DE 54).[3] Uncertain as to how Plaintiffs obtained these reports, Defendants, thereafter, contacted Cleantelligent.  In response, Cleantelligent informed Defendants about the Subpoena and provided Defendants with a copy. See Motion at 6 (DE 54) (noting that the "Subpoena resulted in the production of hundreds of pages").  Defendants now move the Court, *inter alia*, to quash this Subpoena on the basis that Plaintiffs failed to provide them advance notice as required by Federal Rule of Civil Procedure 45.[4]  See Motion at 2-3 and 5-6 (DE 54) (discussing that "Plaintiffs failed to provide Defendants or Defendants' counsel with a copy of the Subpoena; failed to file the Subpoena or proof of service with the Court; failed to let Defendants know that a Subpoena had been issued; failed to provide Defendants a copy of the documents that were produced pursuant to the Subpoena" and

---

of all e-mail notifications for Herbert Stewart (Defendants' supervisor of quality control inspectors); copies of all e-mail notifications for Victor Rave (Defendants' quality control liaison); copies of all e-mail notifications for Hernan Pererya (Defendants' quality control liaison); copies of all e-mails from Defendants' accounts for Bru's Room; copies of all e-mails from Defendants' accounts for Bonefish Grill; copies of all e-mails from Defendants' accounts for Burger Fi; copies of all e-mails from Defendants' accounts for Salt Life; copies of all e-mails from Defendants' accounts for Westside Bagel; . . . and all agreements between Defendants and Cleantelligent." Motion at 5 (DE 54); see also Subpoena (DE 54-1).

[3] According to Defendants, "[t]he paper version of the reports were not utilized by Defendants, only emails which were deleted after certain problems were resolved. Therefore, Defendants' employees did not recognize the format of the Cleantelligent reports when presented to them at their deposition." Motion at 3 (DE 54).

[4] Defendants have standing to challenge the Subpoena on this basis. See, e.g., Fox Indus., Inc. v. Gurovich, No. 03 civ 5166, 2006 WL 2882580, at *11 (E.D.N.Y. October 6, 2006) ("The defendants do have standing . . .to raise the issue of whether Rule 45's requirement that parties be given 'prior notice' of subpoenas duces tecum that another party plans to serve on non-parties was violated here.")

detailing resulting harm caused).

Before a subpoena seeking the production of documents is served on a non-party, notice and a copy of the subpoena must be served on each party to the litigation. See Fed. R. Civ. P. 45(a)(4) (explicitly requiring that "before [a subpoena commanding production of documents] is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party") (emphasis added). "The purpose of the 'prior notice' provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena." Fla. Media, Inc. v. World Publ'ns, LLC, 236 F.R.D. 693, 695 (M.D. Fla. 2006) (internal citations and quotations omitted); E.E.O.C. v. Tony's Lounge, Inc., No. 3:08-cv-677, 2009 WL 2486764, at *2 (S.D. Ill. Aug. 13, 2009) (emphasizing "valid purpose" of the prior notice provision). "[T]"he notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena." Mirra v. Jordan, No. 13 civ 5519(AT), 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014) (quashing subpoenas for failing to comply with Rule 45(a)(4) notice requirement); see, e.g., Hall v. Louisiana, No. 12-657-BAJ-RLB, 2014 WL 1652791, at **12-13 (M.D. La. April 23, 2014); Firefighters' Institute for Racial Equality v. City of St. Louis, 220 F.3d 898, 903 (8th Cir. 2000) (affirming district court's quashing of non-party subpoenas based upon party's failure to provide prior notice); Fla. Media, Inc., 236 F.R.D. at 695 (granting party's motion to quash non-party subpoenas based upon other party's failure to provide notice).

Here, the record reflects that Plaintiffs failed to comply with the mandatory prior notice provision of Fed. R. Civ. R 45(a)(4). Indeed, it was Cleantelligent – not Plaintiffs – who first notified Defendants about the actual Subpoena and provided Defendants with a

copy.  Moreover, Defendants did not know that a Subpoena had been served (on Cleantelligent) until after Cleantelligent's extensive production.  Defendants were, therefore, deprived of their opportunity to object or otherwise protect their interests in direct violation of the rule's purpose.  Hall, 2014 WL 1652791, at *12 (stating that "[f]ailure to serve a copy of a subpoena upon an opposing party or to give notice of its content deprives that party of any meaningful right to object or to otherwise protect its interests" and quashing subpoenas seeking documents); see Fed. R. Civ. P. 45, Advisory Committee note to 2013 Amendment (amending Rule 45 to "require[] that the notice include a copy of the subpoena . . . to achieve the original purpose of enabling the other parties to object. . ."). Accordingly, quashing the Subpoena is warranted.

Based on the forgoing, it is hereby ORDERED that Defendants' Motion (DE 54) is hereby GRANTED in PART and DENIED in PART as follows:

1.   To the extent that Defendants move the Court to quash the Subpoena served on Cleantelligent by Plaintiffs, it is GRANTED and the Subpoena is QUASHED.

2.   Plaintiffs shall forthwith contact Cleantelligent and inform it that the previously served Subpoena has been quashed and that no additional responsive documents should be produced.

3.    Plaintiffs shall cease reviewing any documents produced in response to the Subpoena and shall return all produced documents (and all copies that may have been made) to Cleantelligent immediately.

4.  If Plaintiffs receive additional documents from Cleantelligent in response to the Subpoena (after the entry of this Order), they shall refrain from viewing the documents and shall return them to Cleantelligent immediately.

5

5. Plaintiffs shall refrain from utilizing or disclosing the content of any viewed document produced by Cleantelligent in response to the Subpoena.

6. Plaintiffs shall forthwith serve a copy of this Order on Cleantelligent.

7. Defendants' Motion (DE 54) is DENIED in all other respects.

DONE AND ORDERED at Fort Lauderdale, Florida this 2nd day of September 2014.

*signature*
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record